LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
SHANNON B. SEEKAO (STATE BAR NO. 267536)
sseekao@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall
Suite 3000
Sacramento, California 95814-4497
Telephone: 916-447-9200
Facsimile: 916-329-4900

Attorneys for Defendant
LUXOTTICA RETAIL NORTH AMERICA INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUKRI SAKKAB, an individual, on behalf of himself, and on behalf of all persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LUXOTTICA RETAIL NORTH AMERICA INC., an Ohio Corporation; and DOES 1 through 50 inclusive, <br><br> Defendants. | Case No. **'12CV0436 BEN MDD** <br><br> **NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453** |

OHSUSA:261532479.1

NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Luxottica Retail North America Inc., doing business as LensCrafters ("Defendant"), removes the above-captioned action from the Superior Court of the State of California in and for the County of San Diego to this Court pursuant to 28 U.S.C. sections 1332 (d), 1441, 1446 and 1453 based on the following grounds.

## BACKGROUND

1. On January 17, 2012, Plaintiff Shukri Sakkab ("Plaintiff"), on behalf of himself and others similarly situated, filed a Complaint against Defendant in the Superior Court of the State of California, County of San Diego, entitled *Shukri Sakkab, an individual, on behalf of himself, and on behalf of all persons similarly situated, Plaintiff, v. Luxottica Retail North America Inc., an Ohio Corporation, and Does 1-50, inclusive, Defendants*, Case No. 37-2012-00090743-CU-OE-CTL (the "Complaint"). A true copy of the Complaint is attached to this notice as Exhibit A. The allegations of the Complaint in the Action are incorporated by reference in this Notice of Removal without necessarily admitting any of them.

2. The Complaint purports to assert four class-wide causes of action for relief against Defendant stemming from Plaintiff's and putative class members' employment with Defendant. Specifically, the Complaint alleges causes of action for: (1) unlawful business practices in violation of California Business and Professions Code section 17200, *et seq.*, including, but not limited to, failure to provide meal and/or rest breaks in violation of California Labor Code section 226.7; (2) failure to pay overtime compensation in violation of California Labor Code sections 510, 1194 and 1198; (3) failure to provide accurate itemized statements in violation of California Labor Code section 226; and (4) failure to pay wages when due in violation of California Labor Code section 203.

## TIMELINESS OF REMOVAL

3. The Complaint was filed on January 17, 2012. On January 20, 2012, Plaintiff mailed a copy of the Summons and Complaint by certified mail to Defendant's designated agent for service of process in California, National Registered Agents, Inc. Defendant's agent received

the Summons and Complaint on January 23, 2012. On February 2, 2012, Plaintiff personally served a copy of the Summons and Complaint on National Registered Agents, Inc. This Notice of Removal is timely filed as it is filed within 30 days of the first receipt by Defendant of a copy of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b).

4. Defendant is informed and believes, and on that basis alleges, that there have been no other named defendants in this case and that no other defendant, whether named or not, has been served with or otherwise received the Complaint in the Action.

### DIVERSITY JURISDICTION UNDER CAFA

5. This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. § 1332(d). The Court has original jurisdiction of this action under Section 1332(d)(2), and the action is removable pursuant to the provisions of 28 U.S.C. sections 1441(a) and 1453 as it is a class action in which at least one class member is a citizen of a state different from that of the Defendant, the class size exceeds 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Further, no defendant identified in the Complaint is a state, officer of a state or a governmental agency. 28 U.S.C. § 1332(d)(5).

### Diversity of Citizenship of the Parties

6. **Plaintiff's Citizenship for Purposes of CAFA (28 U.S.C. § 1332(d)).** Plaintiff is a resident of San Diego County, California. (Complaint, ¶ 4.) For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *Marroquin v. Wells Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, at **3-4 (S.D. Cal. 2011) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Thus, Plaintiff is a citizen of California.

7. **Defendant's Citizenship For Purposes of CAFA (28 U.S.C. § 1332(d)).** For diversity purposes, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" is the state where the entity's officers direct, control and coordinate corporate activities, generally where it maintains its headquarters. *See The*

*Hertz Corp. v. Friend*, ___ U.S. ___, 130 S. Ct. 1181, 1192 (2010) (adopting "nerve center" approach to determine corporation's principal place of business).

8. Defendant is now, at the time of filing the Complaint and all times intervening, an Ohio corporation. Declaration of Trent Renfrow In Support of Notice of Removal ("Renfrow Decl.") ¶ 2. Defendant's principal place of business is likewise currently (and since the filing of the Complaint has been) the State of Ohio, where its officers direct, control and coordinate Defendant's activities and where it maintains its headquarters. *Id.* Thus, Defendant is a citizen of Ohio for purposes of CAFA.

**Class Size**

9. Plaintiff seeks to represent a class of all persons who are or previously were employed by Defendant in California as a General Manager for a LensCrafters retail store and were classified as exempt from overtime wages. (Complaint, ¶ 28.) Between January 17, 2008 and February 4, 2012, Defendant employed at least 238 individuals as General Managers at LensCrafters in California. Declaration of Peggy Mannix in Support of Notice of Removal ("Mannix Decl."), ¶ 3. Accordingly, Plaintiff's proposed class exceeds 100 persons.

**Amount in Controversy/Class Claims**

10. Pursuant to CAFA, the alleged amount in controversy in this class action exceeds, in the aggregate, five million dollars ($5,000,000). 28 U.S.C. § 1332(d)(6) (under CAFA, claims of individual class members aggregated to determine if amount in controversy exceeds $5,000,000). The Complaint seeks to recover unpaid overtime, waiting time penalties and liquidated damages for inaccurate itemized wage statements under both the Labor Code and under Business and Professions Code section 17200, which has a four-year statute of limitations pursuant to Section 17208. (Complaint, ¶¶ 55-66, 80-83, 87-88, 95-96, Prayer.) Plaintiff further seeks to recover "wages" for missed meal and/or rest breaks under Business and Professions Code section 17200. (Complaint, ¶¶ 55-66, Prayer.) As set forth below, the amount in controversy implicated by these class-wide allegations exceeds five million dollars.

11. **Recovery of Overtime:** The Complaint alleges that "the PLAINTIFF and other CALIFORNIA CLASS Members worked ten (10) to twelve (12) hours each workday and ten

(10) to twenty (20) hours of overtime each workweek." (Complaint, ¶ 10.) Further, the Complaint alleges that Plaintiff and the putative class members worked on the seventh consecutive day of a workweek. (Complaint, ¶¶ 19, 46(a), 79.) In addition to claiming that these allegations demonstrate a violation of California Labor Code sections 510, 1194 and 1198, Plaintiff claims that these allegations demonstrate unfair competition in violation of Business and Professions Code section 17200, *et seq.* (Complaint, ¶ 55.) As noted *supra*, an unfair competition claim is subject to a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208.

12.     For the period of January 17, 2008 through February 4, 2012, Defendant's California LensCrafters General Managers together worked in excess of 20,785 workweeks. Mannix Decl., ¶ 3. During this period, the average rate of pay for these employees was $25.72 per hour. Mannix Decl., ¶ 3. One-and-a-half times this hourly rate is $38.58, the approximate average overtime rate for putative class members. Assuming Plaintiff and putative class members worked at minimum ten hours of overtime each workweek, as Plaintiff alleges in his Complaint, (Complaint, ¶ 10), Plaintiff's allegations would result in a minimum overtime liability in the amount of $8,018,853 (20,785 General Manager workweeks times $38.58 per hour times 10 hours per week).[1]

13.     **Waiting Time Penalties:** Plaintiff also seeks recovery for penalties under California Labor Code section 203. (Complaint, ¶¶ 94-96.) Labor Code section 203 provides "waiting time" penalties for employers who willfully fail to pay wages in a timely manner. As discussed, *supra*, Plaintiff alleges in his Complaint that Defendant has failed to pay Plaintiff and putative class members overtime wages. (Complaint, ¶ 83.) Thus, as to all putative class members whose employment with Defendant terminated at least 30 days ago, Plaintiff seeks 30 days of wages. (Complaint, ¶¶ 95-96.)

14.     A claim for waiting time penalties is subject to a three-year statute of limitations. Cal. Lab. Code § 203; *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389 (Cal. 2010). Between

---

[1] This calculation is solely based on Plaintiff's Complaint in this matter and Defendant denies that it can or should be liable for overtime wages in this case. This calculation is being prepared solely for the purposes of this removal, and nothing contained herein is an express or implied admission that any of the allegations contained in the Complaint are true or that Defendant is or should be liable for any amounts alleged therein or in the case generally.

OHSUSA:261532479.1

4

NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453

January 17, 2009 and February 4, 2012, there have been at least 67 California LensCrafters General Managers who left Defendant's employ. Mannix Decl., ¶ 4. The average rate of pay for these employees at the time of separation was $27.73 per hour, which equals a daily rate of $221.84 ($27.73 per hour times eight hours per day). Mannix Decl., ¶ 4. Thus, assuming that Defendant unlawfully and willfully failed to timely pay these individuals their final wages within 30 days, Plaintiff's claim would total approximately $445,898 (67 General Managers times $221.84 per day times 30 days).[2]

15. **Labor Code section 226:** The Complaint alleges that Defendant failed to comply with Labor Code section 226 by failing to provide accurate wage statements that properly and accurately itemized the number of hours worked by General Managers. (Complaint, ¶ 87.) Section 226(e) provides for a penalty of $50 for the initial pay period and $100 for each subsequent pay period in which a violation of Labor Code section 226 is alleged to have occurred, up to a maximum of $4,000. As a penalty, recovery under Section 226 is subject to a one-year statute of limitations. Cal. Civ. Proc. Code § 340. Between January 17, 2011 and February 4, 2012, Defendant employed at least 136 General Managers at LensCrafters in California. Mannix Decl., ¶ 5. Each of these General Managers worked an initial pay period during this one-year period, and together worked a total of approximately 2,652 subsequent pay periods during this one-year period.[3] *Id.* Accordingly, Plaintiff seeks at least $272,000 under Section 226 (for each employee, $50 for the initial pay period plus $100 multiplied by the number of subsequent pay periods, to a maximum of $4,000).[4] *Id.*

16. **Meal Periods:** The Complaint alleges that Defendant's "uniform practice"

---

[2] This calculation is solely based on Plaintiff's Complaint in this matter and Defendant denies that it can or should be liable for Labor Code section 203 penalties in this case. This calculation is being prepared solely for the purposes of this removal, and nothing contained herein is an express or implied admission that any of the allegations contained in the Complaint are true or that Defendant is or should be liable for any amounts alleged therein or in the case generally.

[3] In light of the $4,000 cap provided by Section 226(e), Defendant has only included those subsequent pay periods in its liability calculation that would result in an individual potentially recovering an amount within the $4,000 cap.

[4] This calculation is solely based on Plaintiff's Complaint in this matter and Defendant denies that it can or should be liable for Labor Code section 226 penalties in this case. This calculation is being prepared solely for the purposes of this removal, and nothing contained herein is an express or implied admission that any of the allegations contained in the Complaint are true or that Defendant is or should be liable for any amounts alleged therein or in the case generally.

OHSUSA:261532479.1

5

NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453

required Plaintiff and the putative class to work in excess of five and/or ten hours per day without providing a meal period and/or second meal period, and failed to provide an hour of pay at the employee's regular rate for each workday a meal period was not provided. (Complaint, ¶¶ 12, 35(e), 57-66.) Plaintiff seeks to recover one hour of pay for each workday in which a meal period was not timely provided, which Plaintiff seeks to recover over a four-year statute of limitations under Business and Professions Code section 17200, *et seq.* (Complaint, ¶ 55.)

17. As discussed, during the period of January 17, 2008 through February 4, 2012, Defendant's California LensCrafters General Managers worked in excess of 20,785 workweeks. Mannix Decl., ¶ 3. During this period, the average rate of pay for these employees was $25.72 per hour. Mannix Decl., ¶ 3. Assuming that Defendant failed to provide Plaintiff and putative class members at least two meal periods per workweek, Plaintiff's allegations would result in meal period liability in the amount of $1,069,180 (20,785 General Manager workweeks times $25.72 per hour times two meal periods per workweek).[5]

18. **Rest Periods:** The Complaint alleges that Defendant's "uniform practice" required Plaintiff and the putative class to work without being provided a rest period in accordance with the number of hours they worked. (Complaint, ¶¶ 12, 35(e), 57-66.) Plaintiff seeks to recover one hour of pay for each day a rest period was not provided, which Plaintiff seeks to recover over a four-year statute of limitations under Business and Professions Code section 17200, *et seq.* (Complaint, ¶ 55).

19. As discussed, during the period of January 17, 2008 through February 4, 2012, Defendant's California LensCrafters General Managers worked in excess of 20,785 workweeks. Mannix Decl., ¶ 3. During this period, the average rate of pay for these employees is $25.72 per hour. Mannix Decl., ¶ 3. Assuming that Defendant failed to provide Plaintiff and putative class members at least two rest periods per workweek, Plaintiff's allegations would result in rest period liability in the amount of $1,069,180 (20,785 General Manager workweeks times $25.72 per hour

---

[5] This calculation is solely based on Plaintiff's Complaint in this matter and Defendant denies that it can or should be liable for premium pay for meal periods in this case. This calculation is being prepared solely for purposes of this removal, and nothing contained herein is an express or implied admission that any of the allegations contained in the Complaint are true or that Defendant is or should be liable for any amounts alleged therein or in the case generally.

OHSUSA:261532479.1

6

NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453

times two rest periods per workweek).[6]

20.  Removal of this action is therefore proper as the aggregate value of Plaintiff's claims is in excess of the $5,000,000 jurisdictional requirement. *See Bassel v. 4Access Commc'ns Co.*, 2008 U.S. Dist. LEXIS 41012, at *5 (S.D. Cal. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999)) (defendant may make requisite showing that amount in controversy exceeds jurisdictional minimum by "affidavit").

| **Relief Sought By Plaintiff** | **Alleged Amount in Controversy** |
|---|---|
| Overtime Compensation (California Labor Code §§ 510, 1194, 1198; Business & Professions Code *et seq.*) | $8,018,853 |
| Waiting Time Penalties (California Labor Code § 203) | $445,898 |
| Itemized Wage Statements (California Labor Code § 226(e)) | $272,000 |
| Meal Period Premiums (California Labor Code § 226.7; Business & Professions Code *et seq.*) | $1,069,180 |
| Rest Period Premiums (California Labor Code § 226.7; Business & Professions Code *et seq.*) | $1,069,180 |
| **TOTAL** | **$10,875,111**[7] |

21.  Because diversity of citizenship exists – the plaintiffs are citizens of the State of California and the Defendant is a citizen of the State of Ohio, because the class size exceeds 100

---

[6] This calculation is solely based on Plaintiff's Complaint in this matter and Defendant denies that it can or should be liable for premium pay for rest periods in this case. This calculation is being prepared solely for purposes of this removal, and nothing contained herein is an express or implied admission that any of the allegations contained in the Complaint are true or that Defendant is or should be liable for any amounts alleged therein or in the case generally.

[7] The calculations herein are solely based on Plaintiff's Complaint in this matter and Defendant denies that it can or should be liable for the claims therein. This calculation is being prepared solely for purposes of this removal, and nothing contained herein is an express or implied admission that any of the allegations contained in the Complaint are true or that Defendant is or should be liable for any amounts alleged therein or in the case generally.

members, and because the amount in controversy exceeds five million dollars, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2). This action is therefore a proper one for removal to this Court.

### No Bases for Declining Jurisdiction Exists

22. There are no bases for this Court to decline jurisdiction. The CAFA permits a district court to decline to exercise jurisdiction only in specified instances where a primary defendant is a citizen of the forum state. 28 U.S.C. § 1332(d)(3) and (4). Here, Defendant is not a citizen of California.

### VENUE

23. Venue lies in the Southern District of this Court pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(d). This action originally was brought in the Superior Court of the State of California, County of San Diego.

### NOTICE OF REMOVAL

24. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.

25. In compliance with 28 U.S.C. section 1446(a), attached are copies of the state-court papers received by Defendant herein (the Complaint, attached as Exhibit A; Summons, attached as Exhibit B; Civil Case Cover Sheet, attached as Exhibit C; Notice of Case Assignment, attached as Exhibit D; and Defendant's Answer, attached as Exhibit E).

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Diego, to the United States District Court of the Southern District of California.

//
//
//
//
//
//

| | |
|---|---|
| Dated: February 17, 2012 | LYNNE C. HERMLE<br>JULIE A. TOTTEN<br>SHANNON B. SEEKAO<br>Orrick, Herrington & Sutcliffe LLP<br><br>By: _____s/Shannon B. Seekao_____<br>SHANNON B. SEEKAO<br>Attorneys for Defendant<br>LUXOTTICA RETAIL NORTH AMERICA INC. |

OHSUSA:261532479.1

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHUKRI SAKKAB, an individual, on behalf of himself, and on behalf of all persons similarly situated

**DEFENDANTS**
LUXOTTICA RETAIL NORTH AMERICA INC., an Ohio Corporation, and DOES 1 through 50 inclusive

(b) County of Residence of First Listed Plaintiff **San Diego County, CA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Warren County, OH**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Norman B. Blumenthal (068687)/Kyle R. Nordrehaug (205975)
Blumenthal, Nordrehaugh & Bhowmik
2255 Calle Clara
La Jolla, CA 92037
Tel: (858) 551-1223

Attorneys *(If Known)*
Julie A. Totten (166470)/Shannon B. Seekao (267536)
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 300
Sacramento, California 95814-4497
Tel: (916) 447-9200

**'12CV0436 BEN MDD**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Mgmt. Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Med. Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [X] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. section 1332
Brief description of cause:
Notice of Removal Under the Class Action Fairness Act

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
2/17/12

SIGNATURE OF ATTORNEY OF RECORD
s/ Shannon B. Seekao

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

OHSUSA:261534905.1