

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
 Norman B. Blumenthal (State Bar #068687)
 Kyle R. Nordrehaug (State Bar #205975)
 Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Firmsite: www.bamlawca.com

Attorneys for Plaintiff

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2012 JAN 17  A 9:14

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SHUKRI SAKKAB, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LUXOTTICA RETAIL NORTH AMERICA INC., an Ohio Corporation; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. 37-2012-00090743-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br><br>2. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194 AND 1198, *et seq.*;<br><br>3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; and,<br><br>4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE § 203.<br><br>**DEMAND FOR A JURY TRIAL** |

CLASS ACTION COMPLAINT
-1-

A
2

1     Plaintiff Shukri Sakkab ("PLAINTIFF"), on behalf of himself and all other similarly

2 situated current and former employees, alleges on information and belief, except for his own

3 acts and knowledge, the following:

4

5                                  **THE PARTIES**

6     1.     Defendant Luxottica Retail North America Inc. ("LUXOTTICA" or

7 "DEFENDANT") is an Ohio Corporation with its principal place of business located in

8 Mason, Ohio. At all relevant times mentioned herein, LUXOTTICA conducted and

9 continues to conduct substantial and regular business throughout California. LUXOTTICA

10 conducts business under the business name Lenscrafters.

11     2.     Established in 1983, LUXOTTICA was one of the first optical retailers to

12 promise "eyeglasses in about an hour." Now, LUXOTTICA is one of North America's

13 largest seller of eyewear and related services with over 950 stores in the U.S. and Canada.

14 The company-owned stores, called Lenscrafters, sell prescription frames and sunglasses,

15 contact lenses, and vision exams by on-site optometrists. LUXOTTICA is a nationwide

16 optical chain with approximately 100 stores in California.

17     3.     To successfully compete against the other optical retailers, LUXOTTICA

18 substantially reduced labor costs by placing the burden of work on a smaller number of

19 employees that were classified by LUXOTTICA as exempt from overtime wages. The goal

20 of overtime laws includes expanding employment throughout the workforce by putting

21 financial pressure on the employer and nurturing a stout job market, as well as the important

22 public policy goal of protecting employees in a relatively weak bargaining position against

23 the unfair scheme of uncompensated overtime work. An employer's obligation to pay its

24 employees wages is more than a matter of private concern between the parties. That

25 obligation is founded on a compelling public policy judgment that employees are entitled to

26 work a livable number of hours at a livable wage. In addition, statutes and regulations that

27 compel employers to pay overtime relate to fundamental issues of social welfare worthy of

28 protection. The requirement to pay overtime wages extends beyond the benefits individual

1   workers receive because overtime wages discourage employers from concentrating work in a

2   few overburdened hands and encourage employers to instead hire additional employees.

3   Especially in today's economic climate, the importance of spreading available work to

4   reduce unemployment cannot be overestimated.

5        4.    Plaintiff Shukri Sakkab resides in the County of San Diego and was employed

6   by LUXOTTICA as a General Manager at their Lenscrafters retail store at the Westfield

7   UTC Mall in San Diego, California and classified as exempt from overtime wages from

8   April of 2010 to November of 2011.

9        5.    As part of their Lenscrafters retail business, LUXOTTICA employs a fleet of

10  so called "General Managers." The General Managers finite set of tasks was to greet

11  customers, handle customer requests and customer service complaints, conduct optical sales

12  in accordance with LUXOTTICA's company policies, take inventory, receive customers'

13  money in payment for their receipt of products or services provided by LUXOTTICA, and

14  act as information liaisons between LUXOTTICA's district managers and other employees

15  in their store.  In performing these tasks PLAINTIFF and other General Managers were also

16  engaged in the related clerical paperwork tasks and reviewing daily, weekly, and monthly

17  sales goals.

18       6.    The position of General Manager was represented by LUXOTTICA to the

19  PLAINTIFF and the other General Managers as a salaried position exempt from overtime

20  wages and other related benefits.

21       7.    To perform their finite set of tasks, the General Managers did not engage in a

22  supervisory role given the constraints placed upon them by company policy.  General

23  Managers did not determine what work was to be done by other employees or in what time

24  frame.  Instead, the General Managers only retained a minor role in readjusting work

25  assignments in accordance with LUXOTTICA's strict, uniform corporate guidelines.

26  Furthermore, General Managers also had no role in training other employees or determining

27  what training they were to receive.  Employees received their training through a CD-ROM

28  given to them by LUXOTTICA. The General Managers did not have the authority to hire,

fire, or promote other employees.  General Managers could only do so upon receiving approval from corporate employees and the human resources department of LUXOTTICA. General Managers also did not have the authority to determine other employees' pay rates or benefits, or give raises as they were unable to make employment-related, personnel decisions without obtaining approval from the human resources department of LUXOTTICA. Disciplinary decisions were made by the human resources department or dictated by company policies.   As a result, the General Managers were engaged in a type of work that required no exercise of independent judgment or discretion as to any matter of significance. Therefore, the PLAINTIFF and all the other General Managers were "managers" in name only because they did not have managerial duties or authority and should therefore have been properly classified as non-exempt employees.

        8.    Plaintiff Shukri Sakkab brings this Class Action on behalf of himself and a California class, defined as all persons who are or previously were employed by Defendant Luxottica Retail North America Inc. in California as a General Manager for a Lenscrafters retail store and were classified as exempt from overtime wages  (the "CALIFORNIA CLASS") during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

        9.    As defined by LUXOTTICA's comprehensive corporate policies and procedures, the tasks that the PLAINTIFF and other CALIFORNIA CLASS Members performed were the non-managerial tasks of greeting customers, handling customer requests and customer service complaints, conducting optical sales in accordance with LUXOTTICA's company policies, taking inventory, receiving customers' money in payment for their receipt of products or services provided by LUXOTTICA, and acting as information liaisons between LUXOTTICA's district managers and other employees in their store in accordance with LUXOTTICA's established specific procedures and protocols which governed and controlled every aspect of the work performed by the PLAINTIFF and other CALIFORNIA CLASS Members. In performing these tasks PLAINTIFF and other

1   CALIFORNIA CLASS Members were also engaged in the related clerical paperwork tasks

2   and reviewing daily, weekly, and monthly sales goals. These standardized procedures mirror

3   the realities of the workplace evidencing a uniformity of work among the PLAINTIFF and

4   other CALIFORNIA CLASS Members and negated any exercise of independent judgment

5   and discretion as to any matter of significance.

6           10.     The work schedule for the PLAINTIFF and other CALIFORNIA CLASS

7   Members was set by LUXOTTICA. Generally, the PLAINTIFF and other CALIFORNIA

8   CLASS Members worked ten (10) to twelve (12) hours each workday and ten (10) to twenty

9   (20) hours of overtime each workweek.

10          11.     LUXOTTICA did not establish an alternative workweek election for

11  PLAINTIFF and other CALIFORNIA CLASS Members for ten (10) to twelve (12) hour

12  workdays.

13          12.     PLAINTIFF and the other CALIFORNIA CLASS Members were not

14  provided with overtime compensation, were also not afforded their meal and/or rest breaks

15  and other benefits required by law as a result of being classified as "exempt" by

16  LUXOTTICA.

17          13.     As a matter of company policy, practice, and procedure, LUXOTTICA has

18  uniformly, unlawfully, unfairly and/or deceptively classified every General Manager as

19  exempt based on job title alone, failed to pay the required overtime compensation and

20  otherwise failed to comply with all applicable labor laws with respect to these General

21  Managers.

22          14.     The true names and capacities, whether individual, corporate, subsidiary,

23  partnership, associate or otherwise of Defendants DOES 1 through 50, inclusive, are

24  presently unknown to the PLAINTIFF who therefore sues these Defendants by such

25  fictitious names pursuant to Cal. Civ. Proc. Code § 474. The PLAINTIFF will seek leave to

26  amend this Complaint to allege the true names and capacities of DOES 1 through 50,

27  inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon

28  that information and belief alleges, that the Defendants named in this Complaint, including

---

CLASS ACTION COMPLAINT
-5-

1   DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events

2   and happenings that proximately caused the injuries and damages hereinafter alleged.

3       15.    The agents, servants and/or employees of the Defendants and each of them

4   acting on behalf of the Defendants acted within the course and scope of his, her or its

5   authority as the agent, servant and/or employee of the Defendants, and personally

6   participated in the conduct alleged herein on behalf of the Defendants with respect to the

7   conduct alleged herein.  Consequently, the acts of each Defendants are legally attributable to

8   the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF

9   and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate

10   result of the conduct of the Defendants' agents, servants and/or employees.

11

12                                    **THE CONDUCT**

13       16.    The finite set of tasks required of the General Managers as defined by

14   DEFENDANT were executed by the General Managers through the performance of non-

15   exempt labor within a defined clerical skill set.

16       17.    Although the PLAINTIFF and the other General Managers performed non-

17   exempt tasks, DEFENDANT instituted a blanket classification policy, practice and

18   procedure by which all of these General Managers were classified as exempt from overtime

19   compensation and related benefits.  By reason of this uniform exemption practice, policy and

20   procedure applicable to the PLAINTIFF and the other General Managers who performed

21   these non-exempt tasks, DEFENDANT committed acts of unfair competition in violation of

22   the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the

23   "UCL"), by engaging in a company-wide policy, practice and procedure which failed to

24   properly classify the PLAINTIFF and the other General Managers and thereby failed to pay

25   them overtime wages for documented overtime hours worked.  The proper classification of

26   these employees is DEFENDANT's burden.  As a result of DEFENDANT's intentional

27   disregard of the obligation to meet this burden, DEFENDANT failed to pay all required

28   overtime compensation for work performed by the members of the CALIFORNIA CLASS

1 and violated the California Labor Code and regulations promulgated thereunder as herein

2 alleged. In addition, DEFENDANT failed to provide all of the legally required meal and

3 rest breaks to the PLAINTIFF and the other CALIFORNIA CLASS Members as required by

4 the applicable Wage Order and Labor Code. During the CALIFORNIA CLASS PERIOD,

5 DEFENDANT did not have a policy or practice which provided meal and rest breaks to the

6 PLAINTIFF and the other CALIFORNIA CLASS Members. As a result, DEFENDANT's

7 failure to provide the PLAINTIFF and the CALIFORNIA CLASS with all legally required

8 meal and rest breaks is evidenced by DEFENDANT's business records which contain no

9 record of these breaks.

10      18.    DEFENDANT, as a matter of law, has the burden of proving that (a)

11 employees are properly classified as exempt and that (b) DEFENDANT otherwise complies

12 with applicable laws.

13      19.    During their employment with DEFENDANT, the PLAINTIFF and the other

14 CALIFORNIA CLASS Members, performed non-managerial, non-exempt tasks, but were

15 nevertheless classified by DEFENDANT as exempt from overtime pay and worked more

16 than eight (8) hours in a workday, forty (40) hours in a workweek, and/or on the seventh

17 (7th) consecutive day of a workweek.

18      20.    PLAINTIFF and the other General Managers employed by DEFENDANT

19 were not engaged in work of a type that was or now is directly related to the management or

20 general business operations of the employer's customers, when giving these words a fair but

21 narrow construction. PLAINTIFF and the other General Managers employed by

22 DEFENDANT were also not engaged in work of a type that was or now is performed at the

23 level of the policy or management of DEFENDANT. PLAINTIFF and the other General

24 Managers employed by DEFENDANT were also not engaged in work requiring knowledge

25 of an advanced type in a field or science or learning customarily acquired by a prolonged

26 course of specialized intellectual instruction and study, but rather their work involved the

27 performance of routine mental, clerical, and/or physical processes. PLAINTIFF and the

28 other General Managers employed by DEFENDANT were also not engaged in work that

1   was intellectual and varied in character, but rather was routine mental, clerical, and/or

2   physical work that was of such character that the output produced or the result accomplished

3   can be standardized in relation to a given period of time.  The work of a General Manager of

4   DEFENDANT was work wherein the PLAINTIFF and the members of the CALIFORNIA

5   CLASS were engaged in the day-to-day business of DEFENDANT.  The General Managers

6   performed the finite set of tasks of greeting customers, handling customer requests and

7   customer service complaints, conducting optical sales in accordance with DEFENDANT's

8   company policies, taking inventory, receiving customers' money in payment for their receipt

9   of products or services provided by DEFENDANT, and acting as information liaisons

10  between DEFENDANT's district managers and other employees in their store in accordance

11  with DEFENDANT's established specific procedures and protocols which governed and

12  controlled every aspect of the work performed by the PLAINTIFF and other CALIFORNIA

13  CLASS Members . In performing these tasks PLAINTIFF and other CALIFORNIA CLASS

14  Members were also engaged in the related clerical paperwork tasks and reviewing daily,

15  weekly, and monthly sales goals.

16          21.     In performing these tasks, PLAINTIFF and other CALIFORNIA CLASS

17  Members followed procedures established by DEFENDANT.  Specifically, DEFENDANT

18  set daily, weekly, and monthly sales goals that the PLAINTIFF and other General Managers

19  would follow when performing their finite set of tasks for DEFENDANT.   The PLAINTIFF

20  and other CALIFORNIA CLASS Members did not set policies or establish procedures for

21  DEFENDANT and operated within the policy guidelines that were provided to them by

22  DEFENDANT.  As a result, the PLAINTIFF and the other General Managers employed by

23  DEFENDANT were engaged in work that falls on the production or the non-exempt

24  administrative side of the administrative/production worker dichotomy and should have been

25  properly classified as non-exempt employees.

26          22.     The work schedule for the PLAINTIFF and other CALIFORNIA CLASS

27  Members required them to work more than eight (8) hours in a workday and more than forty

28  (40) hours in a workweek.

23.     General Managers were classified as exempt from California overtime and related laws by DEFENDANT, however, these employees did not have managerial duties or authority and were therefore managers in name only.  General Managers performed these ongoing day-to-day office and clerical activities because they had a very minor role in supervising employees and had no authority to make employment-related decisions relating to DEFENDANT's employees without first consulting DEFENDANT's district managers and DEFENDANT's human resources department.  Furthermore, the General Managers did not exercise discretion or independent judgment as to matters of significance, and their job duties were not directly related to DEFENDANT's management policies or general business operation.  At DEFENDANT's optical retail stores, DEFENDANT also employed retail associates and retail managers that DEFENDANT classified as non-exempt employees and paid overtime compensation for their overtime hours worked.  The General Managers employed by DEFENDANT have only some additional minor responsibilities in comparison to the retail associates and retail managers employed by DEFENDANT that were paid on an hourly basis and eligible to earn overtime pay for their overtime hours worked.  The minor work responsibilities General Managers performed in addition to the work performed by other non-exempt retail associates and retail managers who were eligible for overtime compensation, was readjusting work shifts for DEFENDANT's employees, interviewing potential employees and closing DEFENDANT's store.  These minor additional responsibilities were performed in strict accordance with DEFENDANT's company policies and procedures. General Managers spent a very small amount of their working time engaging in these tasks, but rather spent the vast majority of their time performing the non-exempt and non-managerial finite set of tasks that focused on performing the same day-to-day activities of DEFENDANT's non-exempt employees.

24.     PLAINTIFF and all members of the CALIFORNIA CLASS are and were uniformly classified and treated by DEFENDANT as exempt at the time of hire and thereafter, DEFENDANT failed to take the proper steps to determine whether the PLAINTIFF, and the members of the CALIFORNIA CLASS, were properly classified under

1  the applicable Industrial Welfare Commission Wage Order (Wage Order 4-2001) and Cal.

2  Lab. Code §§ 510, *et seq.* as exempt from applicable California labor laws.  Since

3  DEFENDANT affirmatively and wilfully misclassified the PLAINTIFF and the members of

4  the CALIFORNIA CLASS in compliance with California labor laws, DEFENDANT's

5  practices violated and continue to violate California law.  In addition, DEFENDANT acted

6  deceptively by falsely and fraudulently telling the PLAINTIFF and each member of the

7  CALIFORNIA CLASS that they were exempt from overtime pay when DEFENDANT

8  knew or should have known that this statement was false and not based on known facts.

9  DEFENDANT also acted unfairly by violating the California labor laws, and as a result of

10  this policy and practice, DEFENDANT also violated the UCL.  In doing so, DEFENDANT

11  cheated the competition by paying the CALIFORNIA CLASS less than the amount

12  competitors paid who complied with the law and cheated the CALIFORNIA CLASS by not

13  paying them in accordance with California law.

14       25.    DEFENDANT also failed to provide and still fails to provide the PLAINTIFF

15  and the other CALIFORNIA CLASS Members with a wage statement in writing that

16  accurately sets forth gross wages earned, all applicable hourly rates in effect during the pay

17  period and the corresponding number of hours worked at each hourly rate by the

18  PLAINTIFF and the other CALIFORNIA CLASS Members.  This conduct violated

19  California Labor Code § 226.  The pay stub also did not accurately display anywhere the

20  PLAINTIFF's and the other CALIFORNIA CLASS Members' overtime hours and

21  applicable rates of overtime pay for the pay period.

22       26.    By reason of this uniform conduct applicable to the PLAINTIFF and all the

23  CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

24  violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

25  (the "UCL"), by engaging in a uniform company-wide policy and procedure which failed to

26  correctly classify the PLAINTIFF and the CALIFORNIA CLASS of General Managers as

27  non-exempt.  The proper classification of these employees is DEFENDANT's burden.  As a

28  result of DEFENDANT's intentional disregard of the obligation to meet this burden,

1  DEFENDANT failed to properly calculate and/or pay all required overtime compensation

2  for work performed by the members of the CALIFORNIA CLASS and violated the

3  applicable Wage Order, the California Labor Code and the regulations promulgated

4  thereunder as herein alleged.

5       27.    Plaintiff Shukri Sakkab worked as a General Manager for DEFENDANT and

6  was classified as an exempt employee from April of 2010 to November of 2011.

7  PLAINTIFF performed the finite set of tasks of greeting customers, handling customer

8  requests and customer service complaints, conducting optical sales in accordance with

9  DEFENDANT's company policies, taking inventory, receiving customers' money in

10  payment for their receipt of products or services provided by DEFENDANT, and acting as

11  an information liaison between DEFENDANT's district managers and other employees in

12  his store.  In addition, the PLAINTIFF also performed related clerical tasks, paperwork, and

13  reviewed daily, weekly, and monthly sales goals in accordance with DEFENDANT's

14  policies. During the CALIFORNIA CLASS PERIOD, PLAINTIFF was permitted no

15  discretion in his duties because DEFENDANT's district managers' directives controlled

16  virtually every aspect of the store's day-to-day operations, including but not limited to, the

17  days and hours of store operations; power to change store hours; store layouts and changes

18  to store layouts; selection, presentation, and pricing of merchandise, and payroll budgets

19  leaving PLAINTIFF no choice in how to manage the store. During the CALIFORNIA

20  CLASS PERIOD, PLAINTIFF as a General Manager, was classified by DEFENDANT as

21  exempt from overtime pay and worked in excess of eight (8) hours in a workday and more

22  than forty (40) hours in a workweek, but as a result of DEFENDANT's misclassification of

23  PLAINTIFF as exempt from the applicable California Labor Code provisions, PLAINTIFF

24  was not compensated by DEFENDANT for his overtime hours worked at the applicable

25  overtime rate and DEFENDANT also failed to provide PLAINTIFF with his meal and rest

26  breaks.  In addition, PLAINTIFF was not provided with accurate and itemized wage

27  statements showing the gross wages earned, the net wages earned, all applicable hourly rates

28  in effect during the pay period, including overtime hourly rates, and the corresponding

1    number of hours worked at each hourly rate, by DEFENDANT during the CALIFORNIA

2    CLASS PERIOD in violation of Cal. Lab. Code 226(a).  To date, DEFENDANT has not

3    fully paid PLAINTIFF the overtime compensation still owed to him or any penalty wages

4    owed to him under Labor Code Section 203.

## THE CALIFORNIA CLASS

6        28.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and

7    Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the

8    "UCL") as a Class Action, pursuant to California Code of Civil Procedure Section 382, on

9    behalf of a California Class, defined as all persons who are or previously were employed by

10   Defendant Luxottica Retail North America Inc. in California as a General Manager for a

11   Lenscrafters retail store and were classified as exempt from overtime wages (the

12   "CALIFORNIA CLASS") during the period beginning on the date four (4) years prior to the

13   filing of this Complaint and ending on the date as determined by the Court (the

14   "CALIFORNIA CLASS PERIOD").

15       29.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

16   CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

17   accordingly.

18       30.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in

19   violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

20   Order Requirements, and the applicable provisions of California law, intentionally,

21   knowingly, and wilfully, engaged in a practice whereby DEFENDANT uniformly, unfairly,

22   unlawfully, and deceptively instituted a practice to ensure that the employees employed in a

23   General Manager position were not properly classified as non-exempt from the requirements

24   of California Labor Code §§ 510, *et seq.*

25       31.    DEFENDANT has the burden of proof to make sure that each and every

26   employee is properly classified as exempt from the requirements of the Cal. Lab. Code §§

27   510, *et seq.*  DEFENDANT, however, as a matter of uniform and systematic policy and

28

1   procedure had in place during the CALIFORNIA CLASS PERIOD and still has in place a

2   policy and practice that misclassifies the CALIFORNIA CLASS Members as exempt.

3   DEFENDANT's uniform policy and practice in place at all times during the CALIFORNIA

4   CLASS PERIOD and currently in place is to systematically classify each and every

5   CALIFORNIA CLASS Member as exempt from the requirements of the California Labor

6   Code §§ 510, *et seq*. This common business practice applicable to each and every

7   CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful,

8   unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the

9   "UCL") as causation, damages, and reliance are not elements of this claim.

10       32.     At no time before, during or after the PLAINTIFF's employment with

11  DEFENDANT was any General Manager reclassified as non-exempt from the applicable

12  requirements of California Labor Code §§ 510, *et seq*. after each CALIFORNIA CLASS

13  Member was initially, uniformly, and systematically classified as exempt upon being hired.

14       33.     Any individual declarations of any employees offered at this time purporting

15  to indicate that one or more General Managers may have been properly classified is of no

16  force or affect absent contemporaneous evidence that DEFENDANT's uniform system did

17  not misclassify the PLAINTIFF and the other CALIFORNIA CLASS Members as exempt

18  pursuant to Cal. Lab. Code §§ 510, *et seq*. absent proof of such a contemporaneous system,

19  DEFENDANT's business practice is uniformly unlawful, unfair and/or deceptive under the

20  UCL and may be so adjudicated on a class-wide basis. As a result of the UCL violations,

21  the PLAINTIFF and the CALIFORNIA CLASS Members are entitled to compel

22  DEFENDANT to provide restitutionary disgorgement of their ill-gotten gains into a fluid

23  fund in order to restitute these funds to the PLAINTIFF and the CALIFORNIA CLASS

24  Members according to proof.

25       34.     The CALIFORNIA CLASS is so numerous that joinder of all CALIFORNIA

26  CLASS Members is impracticable.

27       35.     DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS

28  under California law by:

---

1    (a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof.

2    Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or

3    deceptively having in place company policies, practices and procedures

4    that uniformly misclassified the PLAINTIFF and the members of the

5    CALIFORNIA CLASS as exempt;

6    (b)    Committing an act of unfair competition in violation of the UCL, by

7    unlawfully, unfairly, and/or deceptively failing to have in place a

8    company policy, practice and procedure that accurately determined the

9    amount of working time spent by the PLAINTIFF and the members of

10    the CALIFORNIA CLASS performing non-exempt labor;

11    (c)    Committing an act of unfair competition in violation of the UCL, by

12    having in place a company policy, practice and procedure that failed to

13    reclassify as non-exempt those members of the CALIFORNIA CLASS

14    whose actual tasks were comprised of non-exempt job functions;

15    (d)    Committing an act of unfair competition in violation of the UCL, by

16    violating Cal. Lab. Code §§ 510, *et seq.*, by failing to pay the correct

17    overtime pay to the PLAINTIFF and the members of the

18    CALIFORNIA CLASS who were improperly classified as exempt, and

19    retaining the unpaid overtime to the benefit of DEFENDANT;

20    (e)    Committing an act of unfair competition in violation of the UCL, by

21    violating Cal. Lab. Code § 226.7, by failing to provide all mandatory

22    meal and/or rest periods to the PLAINTIFF and the CALIFORNIA

23    CLASS Members;

24    (f)    Committing an act of unfair competition in violation of the UCL, by

25    violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF

26    and the members of the CALIFORNIA CLASS with an accurate

27    itemized statement in writing showing the gross wages earned, the net

28    wages earned, all applicable hourly rates in effect during the pay period

1  and the corresponding number of hours worked at each hourly rate by

2  the employee; and,

3  (g)  Committing an act of unfair competition in violation of the UCL by

4  violating Cal. Lab. Code § 203 by failing to provide restitution of

5  wages owed to PLAINTIFF and members of the CALIFORNIA

6  CLASS who were improperly classified as exempt and who have

7  terminated their employment.

8  36.  This Class Action meets the statutory prerequisites for the maintenance of a

9  Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

10  (a)  The persons who comprise the CALIFORNIA CLASS are so numerous

11  that the joinder of all such persons is impracticable and the disposition

12  of their claims as a class will benefit the parties and the Court;

13  (b)  Nearly all factual, legal, statutory, and declaratory relief issues that are

14  raised in this Complaint are common to the CALIFORNIA CLASS will

15  apply uniformly to every member of the CALIFORNIA CLASS;

16  (c)  The claims of the representative PLAINTIFF are typical of the claims

17  of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all

18  the other members of the CALIFORNIA CLASS, was initially

19  classified as exempt upon hiring based on the defined corporate policies

20  and practices and labored under DEFENDANT's systematic procedure

21  that failed to properly classify as non-exempt the PLAINTIFF and the

22  members of the CALIFORNIA CLASS.  PLAINTIFF sustained

23  economic injury as a result of DEFENDANT's employment practices.

24  PLAINTIFF and the members of the CALIFORNIA CLASS were and

25  are similarly or identically harmed by the same unlawful, deceptive,

26  unfair and pervasive pattern of misconduct engaged in by

27  DEFENDANT by deceptively advising all General Managers that they

28  were exempt from overtime wages based on the defined corporate

CLASS ACTION COMPLAINT
-15-

1    policies and practices, and unfairly failing to pay overtime to these

2    employees who were improperly classified as exempt; and,

3    (d)    The representative PLAINTIFF will fairly and adequately represent and

4    protect the interest of the CALIFORNIA CLASS, and has retained

5    counsel who are competent and experienced in Class Action litigation.

6    There are no material conflicts between the claims of the representative

7    PLAINTIFF and the members of the CALIFORNIA CLASS that would

8    make class certification inappropriate.  Counsel for the CALIFORNIA

9    CLASS will vigorously assert the claims of all employees in the

10   CALIFORNIA CLASS.

11   37.    In addition to meeting the statutory prerequisites to a Class Action, this Action

12   is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

13   (a)    Without class certification and determination of declaratory, statutory

14   and other legal questions within the class format, prosecution of

15   separate actions by individual members of the CALIFORNIA CLASS

16   will create the risk of:

17   1)    Inconsistent or varying adjudications with respect to individual

18   members of the CALIFORNIA CLASS which would establish

19   incompatible standards of conduct for the parties opposing the

20   CALIFORNIA CLASS; and/or,

21   2)    Adjudication with respect to individual members of the

22   CALIFORNIA CLASS which would as a practical matter be

23   dispositive of interests of the other members not party to the

24   adjudication or substantially impair or impede their ability to

25   protect their interests.

26   (b)    The parties opposing the CALIFORNIA CLASS have acted or refused

27   to act on grounds generally applicable to the CALIFORNIA CLASS,

28   making appropriate class-wide relief with respect to the CALIFORNIA

CLASS ACTION COMPLAINT
-16-

A
17

1    CLASS as a whole in that DEFENDANT uniformly classified and

2    treated the General Managers as exempt and, thereafter, uniformly

3    failed to take proper steps to determine whether the General Managers

4    were properly classified as exempt, and thereby denied these employees

5    overtime wages as required by law;

6    1)    With respect to the First Cause of Action, the final relief on

7          behalf of the CALIFORNIA CLASS sought does not relate

8          exclusively to restitution because through this claim the

9          PLAINTIFF seeks declaratory relief holding that

10         DEFENDANT's policy and practices constitute unfair

11         competition, along with incidental equitable relief as may be

12         necessary to remedy the conduct declared to constitute unfair

13         competition;

14   (c)   Common questions of law and fact exist as to the members of the

15         CALIFORNIA CLASS, with respect to the practices and violations of

16         California law as listed above, and predominate over any question

17         affecting only individual CALIFORNIA CLASS Members, and a Class

18         Action is superior to other available methods for the fair and efficient

19         adjudication of the controversy, including consideration of:

20   1)    The interests of the members of the CALIFORNIA CLASS in

21         individually controlling the prosecution or defense of separate

22         actions in that the substantial expense of individual actions will

23         be avoided to recover the relatively small amount of economic

24         losses sustained by the individual CALIFORNIA CLASS

25         Members when compared to the substantial expense and burden

26         of individual prosecution of this litigation;

27   2)    Class certification will obviate the need for unduly duplicative

28         litigation that would create the risk of:

CLASS ACTION COMPLAINT
-17-

A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

B.     Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)     In the context of wage litigation because as a practical matter a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)     A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Cal. Code of Civ. Proc. § 382.

38.     This Court should permit this Action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, because:

(a)     The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because DEFENDANT's employment practices were uniform and systematically applied with respect to the CALIFORNIA

1               CLASS;

2      (b)    A Class Action is superior to any other available method for the fair

3              and efficient adjudication of the claims of the members of the

4              CALIFORNIA CLASS because in the context of employment litigation

5              a substantial number of individual CALIFORNIA CLASS Members

6              will avoid asserting their rights individually out of fear of retaliation or

7              adverse impact on their employment;

8      (c)    The members of the CALIFORNIA CLASS are so numerous that it is

9              impractical to bring all members of the CALIFORNIA CLASS before

10             the Court;

11     (d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not

12             be able to obtain effective and economic legal redress unless the action

13             is maintained as a Class Action;

14     (e)    There is a community of interest in obtaining appropriate legal and

15             equitable relief for the acts of unfair competition, statutory violations

16             and other improprieties, and in obtaining adequate compensation for the

17             injuries which DEFENDANT's actions have inflicted upon the

18             CALIFORNIA CLASS;

19     (f)    There is a community of interest in ensuring that the combined assets of

20             DEFENDANT are sufficient to adequately compensate the members of

21             the CALIFORNIA CLASS for the injuries sustained;

22     (g)    DEFENDANT has acted or refused to act on grounds generally

23             applicable to the CALIFORNIA CLASS, thereby making final class-

24             wide relief appropriate with respect to the CALIFORNIA CLASS as a

25             whole;

26     (h)    The members of the CALIFORNIA CLASS are readily ascertainable

27             from the business records of DEFENDANT.  The CALIFORNIA

28             CLASS consists of all DEFENDANT's General Managers who were

classified as exempt and who were employed in California during the CALIFORNIA CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

39.   DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

40.   PLAINTIFF further brings the Second, Third, and Fourth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who were employed by Defendant Luxottica Retail North America Inc. in California (the "CALIFORNIA LABOR SUB-CLASS") during the period beginning on the date three (3) years prior to the filing of the action and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to California Code of Civil Procedure § 382.

41.   DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully, and systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS and the CALIFORNIA LABOR SUB-CLASS as exempt from overtime wages and other labor laws based on DEFENDANT's comprehensive policies and procedures in order to avoid the payment of overtime wages by misclassifying their positions

1  as exempt from overtime wages and other labor laws.  To the extent equitable tolling

2  operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT,

3  the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

4      42.    DEFENDANT maintains records from which the Court can ascertain and

5  identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR

6  SUB-CLASS Members have been systematically, intentionally and uniformly misclassified

7  as exempt as a matter of DEFENDANT's corporate policy, practices and procedures.

8  PLAINTIFF will seek leave to amend the Complaint to include these additional job titles

9  when they have been identified.

10      43.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

11  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

12      44.    Common questions of law and fact exist as to members of the CALIFORNIA

13  LABOR SUB-CLASS, including, but not limited, to the following:

14      (a)    Whether DEFENDANT unlawfully failed to pay overtime

15  compensation to members of the CALIFORNIA LABOR SUB-CLASS

16  in violation of the California Labor Code and California regulations and

17  the applicable California Wage Order;

18      (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

19  non-exempt employees entitled to overtime compensation for overtime

20  hours worked under the overtime pay requirements of California law;

21      (c)    Whether DEFENDANT's policy and practice of classifying the

22  CALIFORNIA LABOR SUB-CLASS Members as exempt from

23  overtime compensation and failing to pay the CALIFORNIA LABOR

24  SUB-CLASS Members overtime violate applicable provisions of

25  California law;

26      (d)    Whether DEFENDANT unlawfully failed to keep and furnish

27  CALIFORNIA LABOR SUB-CLASS Members with accurate records

28  of overtime hours worked;

(c)     Whether DEFENDANT's policy and practice of failing to pay members of the CALIFORNIA LABOR SUB-CLASS all wages when due within the time required by law after their employment ended violates California law; and,

(f)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS.

45.     DEFENDANT, as a matter of corporate policy, practice and procedure, erroneously classified all General Managers as exempt from overtime wages and other labor laws. All General Managers, including the PLAINTIFF, performed the same finite set of tasks and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay overtime compensation. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

46.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby failing to pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for a workday longer than eight (8) hours, a workweek longer than forty (40) hours, and/or all hours worked on the seventh (7th) consecutive day of a workweek for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)     Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS who were improperly classified as exempt with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the

1                employee; and,

2      (c)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

3                when an employee is discharged or quits from employment, the

4                employer must pay the employee all wages due without abatement, by

5                failing to tender full payment and/or restitution of wages owed or in the

6                manner required by California law to the members of the

7                CALIFORNIA LABOR SUB-CLASS who have terminated their

8                employment.

9    47.    This Class Action meets the statutory prerequisites for the maintenance of a

10   Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

11      (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS

12                are so numerous that the joinder of all such persons is impracticable and

13                the disposition of their claims as a class will benefit the parties and the

14                Court;

15      (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

16                raised in this Complaint are common to the CALIFORNIA LABOR

17                SUB-CLASS and will apply uniformly to every member of the

18                CALIFORNIA LABOR SUB-CLASS;

19      (c)    The claims of the representative PLAINTIFF are typical of the claims

20                of each member of the CALIFORNIA LABOR SUB-CLASS.

21                PLAINTIFF, like all the other members of the CALIFORNIA LABOR

22                SUB-CLASS, was improperly classified as exempt and denied overtime

23                pay as a result of DEFENDANT's systematic classification practices.

24                PLAINTIFF and all the other members of the CALIFORNIA LABOR

25                SUB-CLASS sustained economic injuries arising from DEFENDANT's

26                violations of the laws of California; and,

27      (d)    The representative PLAINTIFF will fairly and adequately represent and

28                protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

1    has retained counsel who are competent and experienced in Class

2    Action litigation.  There are no material conflicts between the claims of

3    the representative PLAINTIFF and the members of the CALIFORNIA

4    LABOR SUB-CLASS that would make class certification

5    inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS

6    will vigorously assert the claims of all CALIFORNIA LABOR SUB-

7    CLASS Members.

8        48.    In addition to meeting the statutory prerequisites to a Class Action, this Action

9  is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

10        (a)    Without class certification and determination of declaratory, statutory

11    and other legal questions within the class format, prosecution of

12    separate actions by individual members of the CALIFORNIA LABOR

13    SUB-CLASS will create the risk of:

14        1)    Inconsistent or varying adjudications with respect to individual

15    members of the CALIFORNIA LABOR SUB-CLASS which

16    would establish incompatible standards of conduct for the parties

17    opposing the CALIFORNIA LABOR SUB-CLASS; or,

18        2)    Adjudication with respect to individual members of the

19    CALIFORNIA LABOR SUB-CLASS which would as a

20    practical matter be dispositive of interests of the other members

21    not party to the adjudication or substantially impair or impede

22    their ability to protect their interests.

23        (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have

24    acted or refused to act on grounds generally applicable to the

25    CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide

26    relief with respect to the CALIFORNIA LABOR SUB-CLASS as a

27    whole in that DEFENDANT uniformly classified and treated the

28    General Managers as exempt and, thereafter, uniformly failed to take

proper steps to determine whether the General Managers were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

B.     Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially

1    impair or impede their ability to protect their interests;

2    3)    In the context of wage litigation because a substantial number of

3    individual CALIFORNIA LABOR SUB-CLASS Members will

4    avoid asserting their legal rights out of fear of retaliation by

5    DEFENDANT, which may adversely affect an individual's job

6    with DEFENDANT or with a subsequent employer, the Class

7    Action is the only means to assert their claims through a

8    representative; and,

9    4)    A Class Action is superior to other available methods for the fair

10   and efficient adjudication of this litigation because class

11   treatment will obviate the need for unduly and unnecessary

12   duplicative litigation that is likely to result in the absence of

13   certification of this Action pursuant to Cal. Code of Civ. Proc. §

14   382.

15   49.   This Court should permit this Action to be maintained as a Class Action

16   pursuant to Cal. Code of Civ. Proc. § 382, because:

17   (a)   The questions of law and fact common to the CALIFORNIA LABOR

18   SUB-CLASS predominate over any question affecting only individual

19   CALIFORNIA LABOR SUB-CLASS Members;

20   (b)   A Class Action is superior to any other available method for the fair

21   and efficient adjudication of the claims of the members of the

22   CALIFORNIA LABOR SUB-CLASS because in the context of

23   employment litigation a substantial number of individual

24   CALIFORNIA LABOR SUB-CLASS Members will avoid asserting

25   their rights individually out of fear of retaliation or adverse impact on

26   their employment;

27   (c)   The members of the CALIFORNIA LABOR SUB-CLASS are so

28   numerous that it is impractical to bring all members of the

1    CALIFORNIA LABOR SUB-CLASS before the Court;

2    (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

3           Members, will not be able to obtain effective and economic legal

4           redress unless the action is maintained as a Class Action;

5    (e)    There is a community of interest in obtaining appropriate legal and

6           equitable relief for the acts of unfair competition, statutory violations

7           and other improprieties, and in obtaining adequate compensation for the

8           damages and injuries which DEFENDANT's actions have inflicted

9           upon the CALIFORNIA LABOR SUB-CLASS;

10   (f)    There is a community of interest in ensuring that the combined assets of

11          DEFENDANT are sufficient to adequately compensate the members of

12          the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

13   (g)    DEFENDANT has acted or refused to act on grounds generally

14          applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

15          making final class-wide relief appropriate with respect to the

16          CALIFORNIA LABOR SUB-CLASS as a whole;

17   (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

18          ascertainable from the business records of DEFENDANT.  The

19          CALIFORNIA LABOR SUB-CLASS consists of CALIFORNIA

20          CLASS Members who were employed by DEFENDANT in California

21          during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

22   (i)    Class treatment provides manageable judicial treatment calculated to

23          bring a efficient and rapid conclusion to all litigation of all wage and

24          hour related claims arising out of the conduct of DEFENDANT.

25

26                          **JURISDICTION AND VENUE**

27   50.    This Court has jurisdiction over this action pursuant to Cal. Code of Civ. Proc §

28   410.10 and Cal. Business & Professions Code § 17203.  This action is brought as a Class Action

1  on behalf of similarly situated employees of Defendant Luxottica Retail North America Inc.

2  pursuant to Cal. Code of Civ. Proc. § 382.

3    51.   Venue is proper in this Court pursuant to California Code of Civil Procedure,

4  Sections 395 and 395.5, because PLAINTIFF resides in this County and DEFENDANT (i)

5  currently maintains and at all relevant times maintained offices and facilities in this County

6  and/or conducts substantial business in this County, and (ii) committed the wrongful conduct

7  herein alleged in this County against members of the CALIFORNIA CLASS and

8  CALIFORNIA LABOR SUB-CLASS.

9
10                          **FIRST CAUSE OF ACTION**

11                        **For Unlawful Business Practices**

12                   **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

13       **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

14    52.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege

15  and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 51

16  of this Complaint.

17    53.   DEFENDANT is a "person" as that term is defined under Cal. Bus. and

18  Prof. Code § 17021.

19    54.   California Business & Professions Code §§ 17200, *et seq.* (the "UCL")

20  defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

21  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to

22  unfair competition as follows:

23       Any person who engages, has engaged, or proposes to engage in
         unfair competition may be enjoined in any court of competent
         jurisdiction. The court may make such orders or judgments, including
24       the appointment of a receiver, as may be necessary to prevent the use
         or employment by any person of any practice which constitutes unfair
25       competition, as defined in this chapter, or as may be necessary to
         restore to any person in interest any money or property, real or
26       personal, which may have been acquired by means of such unfair
         competition.
27
    California Business & Professions Code § 17203.
28
      55.   By the conduct alleged herein, DEFENDANT has engaged and continues to

1  engage in a business practice which violates California law, including but not limited to,

2  Wage Order 4-2001, the California Code of Regulations, and the California Labor Code

3  Sections 201, 202, 203, 226(a), 226.7, 510, 1194 & 1198, and for which this Court should

4  issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as

5  may be necessary to prevent and remedy the conduct held to constitute unfair competition,

6  including restitution of wages wrongfully withheld.

7      56.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

8  unfair in that these practices violate public policy, are immoral, unethical, oppressive,

9  unscrupulous or substantially injurious to employees, and are without valid justification or

10  utility for which this Court should issue equitable and injunctive relief pursuant to Section

11  17203 of the California Business & Professions Code, including restitution of wages

12  wrongfully withheld.

13      57.    Throughout the CALIFORNIA CLASS PERIOD, it was also DEFENDANT's

14  uniform policy and practice to not provide all legally required meal and rest breaks to the

15  PLAINTIFF and the CALIFORNIA CLASS Members. DEFENDANT's uniform practice

16  required the PLAINTIFF and the CALIFORNIA CLASS Members to work continuously

17  throughout the workday without being supplied all meal and/or rest breaks in accordance

18  with the number of hours they worked. At all relevant times during the CALIFORNIA

19  CLASS PERIOD, DEFENDANT failed to provide any compensated work time for failing to

20  provide such breaks to the PLAINTIFF and the CALIFORNIA CLASS Members.

21      58.    Therefore, the PLAINTIFF demands on behalf of himself and on behalf of

22  each member of the CALIFORNIA CLASS, one (1) hour of pay for each workday in which

23  a meal period was not timely provided for each five (5) hours of work, and/or one (1) hour

24  of pay for each workday in which a second meal period was not timely provided for each ten

25  (10) hours of work.

26      59.    PLAINTIFF further demands on behalf of himself and on behalf of each

27  member of the CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest

28  period was not timely provided as required by law.

60.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice was to represent to PLAINTIFF and other CALIFORNIA CLASS Members that they were exempt from overtime pay when in fact these representations were false and likely to deceive, for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

61.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

62.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and the other members of the CALIFORNIA CLASS and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

63.     All the acts described herein as violations of, among other things, the California Labor Code, California Code of Regulations, the Industrial Welfare Commission Wage Orders, are unlawful, are in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and are likely to deceive employees, as herein alleged, and thereby constitute deceptive, unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code §§ 17200, *et seq.*

64.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid overtime wages for all overtime hours worked.

65.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

66.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result of the unlawful and unfair business practices described herein, the PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

### SECOND CAUSE OF ACTION

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 510, 1194 and 1198]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

67.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 66 of this Complaint.

68.    Cal. Lab. Code § 510 states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

69.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

70.     Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

71.     Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

72.     Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

73.     Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

74.     DEFENDANT has intentionally and uniformly designated certain employees as "exempt" employees, by their job title alone and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS who worked on the production and non-managerial side of DEFENDANT's business. This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

75.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

1    (c)    The employee must have the authority to hire and fire, or to command

2           particularly serious attention to his or her recommendations on such actions

3           affecting other employees; and,

4    (d)    The employee must customarily and regularly exercise discretion and

5           independent judgment; and,

6    (e)    The employee must be primarily engaged in duties which meet the test of

7           exemption.

8    No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because

9    they all fail to meet the requirements of being an "executive" within the meaning of the

10    applicable Wage Order.

11    76.    For an employee to be exempt as a bona fide "administrator," all of the

12    following criteria must be met and DEFENDANT has the burden of proving that:

13    (a)    The employee must perform office or non-manual work directly related to

14           management policies or general business operation of the employer; and,

15    (b)    The employee must customarily and regularly exercise discretion and

16           independent judgment; and,

17    (c)    The employee must regularly and directly assist a proprietor or an exempt

18           administrator; or,

19    (d)    The employee must perform, under only general supervision, work requiring

20           special training, experience, or knowledge; or,

21    (e)    The employee must execute special assignments and tasks under only general

22           supervision; and,

23    (f)    The employee must be primarily engaged in duties which meet the test of

24           exemption.

25    No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because

26    they all fail to meet the requirements for being an "administrator" under the applicable Wage

27    Order.

28    77.    The Industrial Welfare Commission, in Wage Order 4-2001, at section

(1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

    (a)    The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

        1)    Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

        2)    Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

        3)    Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

    (b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

    (c)    The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because

they all fail to meet the requirements of being a "professional" within the meaning of the applicable Wage Order.

78.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, do not fit the definition of an exempt executive, administrative, or professional employee because:

(a)     They did not work as executives or administrators; and,

(b)     The professional exemption does not apply to the PLAINTIFF, nor to the other members of the CALIFORNIA LABOR SUB-CLASS because they did not meet all the applicable requirements to work under the professional exemption for the reasons set forth above in this Complaint.

79.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or worked on the seventh (7th) consecutive day of a workweek.

80.     At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, were regularly required to work, and did in fact work, overtime hours.

81.     By virtue of DEFENDANT's unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, for their overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

82.     DEFENDANT knew or should have known that the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt

1  and DEFENDANT systematically elected, either through intentional malfeasance or gross

2  nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate

3  policy, practice and procedure.

4        83.    Therefore, the PLAINTIFF, and the other members of the CALIFORNIA

5  LABOR SUB-CLASS, request recovery of overtime compensation according to proof,

6  interest, costs, as well as the assessment of any statutory penalties against DEFENDANT, in

7  a sum as provided by the Cal. Lab. Code and/or other statutes.  To the extent overtime

8  compensation is determined to be owed to members of the CALIFORNIA LABOR SUB-

9  CLASS who have terminated their employment, these employees would also be entitled to

10  waiting time penalties under Labor Code § 203, which penalties are sought herein.  Further,

11  the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, are

12  entitled to seek and recover statutory costs.

13        84.    In performing the acts and practices herein alleged in violation of labor laws

14  and refusing to provide the requisite overtime compensation, DEFENDANT acted and

15  continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

16  toward the other members of the CALIFORNIA LABOR SUB-CLASS, with a conscious

17  and utter disregard of their legal rights, or the consequences to them, and with the despicable

18  intent of depriving them of their property and legal rights and otherwise causing them injury

19  in order to increase corporate profits at the expense of the PLAINTIFF and the members of

20  the CALIFORNIA LABOR SUB-CLASS.

21

22                **THIRD CAUSE OF ACTION**

23        **For Failure to Provide Accurate Itemized Statements**

24                **[Cal. Lab. Code § 226]**

25      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

26                **Defendants)**

27        85.    PLAINTIFF, and the other members of the CALIFORNIA LABOR

28  SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein,

1  paragraphs 1 through 84 of this Complaint.

2       86.    Cal. Labor Code § 226 provides that an employer must furnish employees

3  with an "accurate itemized" statement in writing showing:

4      (1) gross wages earned,

5      (2) total hours worked by the employee, except for any employee whose

6      compensation is solely based on a salary and who is exempt from payment of

7      overtime under subdivision (a) of Section 515 or any applicable order of the

8      Industrial Welfare Commission,

9      (3) the number of piecerate units earned and any applicable piece rate if the employee

10     is paid on a piece-rate basis,

11     (4) all deductions, provided that all deductions made on written orders of the

12     employee may be aggregated and shown as one item,

13     (5) net wages earned,

14     (6) the inclusive dates of the period for which the employee is paid,

15     (7) the name of the employee and his or her social security number, except that by

16     January 1, 2008, only the last four digits of his or her social security number or an

17     employee identification number other than a social security number may be shown on

18     the itemized statement,

19     (8) the name and address of the legal entity that is the employer, and

20     (9) all applicable hourly rates in effect during the pay period and the corresponding

21     number of hours worked at each hourly rate by the employee.

22      87.    At all times relevant herein, DEFENDANT violated Labor Code § 226,

23 in that DEFENDANT failed to provide an accurate wage statement in writing that properly

24 and accurately itemized the number of hours worked by the PLAINTIFF, and the other

25 members of the CALIFORNIA LABOR SUB-CLASS at the effective regular rates of pay

26 and the effective overtime rates of pay.

27      88.    DEFENDANT knowingly and intentionally failed to comply with Labor Code

28 § 226, causing damages to the PLAINTIFF, and the other members of the CALIFORNIA

LABOR SUB-CLASS. These damages include, but are not limited to, costs expended

1    calculating the true hours worked and the amount of employment taxes which were not

2    properly paid to state and federal tax authorities. These damages are difficult to estimate.

3    Therefore, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

4    CLASS may elect to recover liquidated damages of $50.00 for the initial pay period in which

5    the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to

6    Labor Code § 226, in an amount according to proof at the time of trial (but in no event more

7    than $4,000.00 for the PLAINTIFF and each respective member of the CALIFORNIA

8    LABOR SUB-CLASS herein).

9

10                          **FOURTH CAUSE OF ACTION**

11                        **For Failure to Pay Wages When Due**

12                            **[ Cal. Lab. Code § 203]**

13          **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

14                                  **Defendants)**

15          89.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

16    CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1

17    through 88 of this Complaint.

18          90.    Cal. Lab. Code § 200 provides that:

19                 As used in this article:
                   (a) "Wages" includes all amounts for labor performed by
20                 employees of every description, whether the amount is fixed or
                   ascertained by the standard of time, task, piece, Commission basis,
21                 or other method of calculation.
                   (b) "Labor" includes labor, work, or service whether rendered or
22                 performed under contract, subcontract, partnership, station plan, or
                   other agreement if the labor to be paid for is performed personally
23                 by the person demanding payment.

24          91.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer

25    discharges an employee, the wages earned and unpaid at the time of discharge are due and

26    payable immediately."

27          92.    Cal. Lab. Code § 202 provides, in relevant part, that:

28                 If an employee not having a written contract for a definite period
                   quits his or her employment, his or her wages shall become due and

CLASS ACTION COMPLAINT
-38-

payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

93.    There was no definite term in any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

94.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

95.    The employment of many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

96.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CALIFORNIA CLASS:

A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to California Code of Civil Procedure §

1    382;

2    B)    An order requiring DEFENDANT to correctly calculate and pay all wages and

3    all sums unlawfully withheld from compensation due to the PLAINTIFF and

4    the other members of the CALIFORNIA CLASS;

5    C)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

6    fund for restitution of the sums incidental to DEFENDANT's violations due to

7    the PLAINTIFF and to the other members of the CALIFORNIA CLASS

8    according to proof; and,

9    D)    An order temporarily, preliminarily, and permanently enjoining and restraining

10    DEFENDANT from engaging in similar unlawful conduct as set forth herein.

11    2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

12    A)    That the Court certify the Second, Third, and Fourth Causes of Action asserted

13    by the CALIFORNIA LABOR SUB-CLASS as a Class Action pursuant to

14    California Code of Civil Procedure § 382;

15    B)    Compensatory damages, according to proof at trial, including compensatory

16    damages for overtime compensation due to the PLAINTIFF and the other

17    members of the CALIFORNIA LABOR SUB-CLASS, during the applicable

18    CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the

19    statutory rate;

20    C)    The greater of all actual damages or fifty dollars ($50) for the initial pay

21    period in which a violation occurs and one hundred dollars ($100) per each

22    member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

23    subsequent pay period, not exceeding an aggregate penalty of four thousand

24    dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

25    and,

26    D)    The wages of all terminated employees from the CALIFORNIA LABOR

27    SUB-CLASS as a penalty from the due date thereof at the same rate until paid

28    or until an action therefore is commenced, in accordance with Cal. Lab. Code

1          § 203.

2   3.     On all claims:

3       A)      An award of interest, including prejudgment interest at the legal rate;

4       B)      Such other and further relief as the Court deems just and equitable; and,

5       C)      An award of penalties and cost of suit, but neither this prayer nor any other

6           allegation or prayer in this Complaint is to be construed as a request, under any

7           circumstance, that would result in a request for attorneys' fees under Cal. Lab.

8           Code § 218.5.

9

10 Dated:    January 11, 2012         BLUMENTHAL, NORDREHAUG & BHOWMIK

11

12                               By:_____

13                                  Norman B. Blumenthal
                                    Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:   January 11, 2012                    BLUMENTHAL, NORDREHAUG & BHOWMIK

By:
Norman B. Blumenthal
Attorneys for Plaintiff

\\SERVER4\Data\D\NBB\Lenscrafters - Sakka\bp-complaint-FINAL.wpd